IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROY MICHAEL DAUGHTERY                                                                PLAINTIFF

v.                                                            CIVIL ACTION NO. 1:13-cv-557-KS-MTP

CHRISTOPHER EPPS, ET AL                                                              DEFENDANTS

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Motion for Summary Judgment [39] filed by Defendants John Gillis[1] and Ron Woodall and the Motion for Summary Judgment [34] filed by Defendant Christopher Epps. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Defendants' Motions for Summary Judgment [34] [39] be granted.

## BACKGROUND

On October 2, 2013, Plaintiff Troy Daughtery, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently incarcerated. Through his Complaint, and as clarified during his *Spears*[2] hearing, Plaintiff asserts claims against Defendants for the denial and/or delay of adequate dental treatment.

Plaintiff alleges that in 2011, while incarcerated at Wilkinson County Correctional Facility,

---

[1] The docket refers to Dr. Gillis as "Unknown Gillis;" however, Dr. Gillis identified himself as John Gillis via his Answer [29] to Plaintiff's Complaint [1].

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on November 25, 2013.

1

he saw a dentist who told him he had cavities that needed to be filled and teeth that needed to be cleaned. He claims that before his teeth were treated, he was transferred to SMCI around March or April of 2011. Plaintiff alleges he has put in many sick call requests since September 2011 to have his teeth cleaned and cavities filled, but did not receive any treatment. *See* Omnibus Order [26].

According to Plaintiff, he filed a request for relief through the administrative remedy program ("ARP") that was reviewed by Defendant Dr. Woodall on or about June 9, 2013. Plaintiff alleges Dr. Woodall told him that treatment had been scheduled, but claims he never received the treatment. Plaintiff then filed a second step ARP grievance, which Dr. Woodall also received. Plaintiff claims the ARP response incorrectly stated that he had already been treated. *Id.* Plaintiff alleges that Dr. Woodall, as a supervisor, was responsible for providing his dental care.

After receiving Dr. Woodall's response, Plaintiff saw Defendant Dr. Gillis on or around April 15, 2014. According to Plaintiff, Dr. Gillis looked at his teeth for about one minute, and told him he did not have any problems. Plaintiff also claims Dr. Gillis stated that his teeth needed to be cleaned, but could not be cleaned at that time because a dental hygienist was unavailable. Plaintiff alleges that Dr. Gillis should have provided him proper dental care.

Finally, Plaintiff alleges that Christopher Epps, as commissioner of the prison system, was responsible for providing his dental care. *Id.* All Defendants have moved for summary judgment [39] [34].

## **STANDARD FOR SUMMARY JUDGMENT**

A motion for summary judgement will be granted only when "the record indicates that

there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The court must view "the evidence in the light most favorable to the nonmoving party." *Id.*  However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F. 3d at 1075.

## ANALYSIS

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id* at 838.  Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his

complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756).

### *Defendant Dr. John Gillis*

As previously mentioned, Plaintiff alleges that Dr. Gillis told Plaintiff he did not have any dental problems, and stated that his teeth needed to be cleaned, but did not clean them. *See* Omnibus Order [26]. There is no evidence that Plaintiff's need for a teeth cleaning constituted an immediate, serious medical need that leads to excessive risk of inmate health or safety. In fact, courts have held that, [t]eeth cleaning is a preventative measure, not a serious medical need." *Wallace v. Jones*, 2013 U.S. Dist. LEXIS 53307, 2013 WL 1567449, at *4 (W.D. La. Feb. 4, 2013) (citing *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (Holding that the lack of routine teeth cleaning does not constitute deliberate indifference to serious medical needs.); *Holly v. True*, 1992 U.S. Dist. LEXIS 9443, 1992 WL 159318 (N.D. Ill. 1992); *Dean v. Coughlin*, 623 F. Supp. 392, 404 (S.D. N.Y. 1985) (no right to preventative dental care); *See also Grubbs v. Bradley*, 552 F. Supp. 1052, 1129 (M.D. Tenn. 1982) (holding that delay of a prisoner's access to routine and preventative dental care is not "deliberate indifference")).

Additionally, the record demonstrates that Dr. Gillis did not refuse to treat Plaintiff or ignore his complaints. In fact, Dr. Gillis examined Plaintiff's teeth, and determined that he did not have any dental problems. ([39-3] at 559). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v.*

*Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001). Even negligent conduct by prison officials does not even rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Consequently, Dr. Gillis is entitled to summary judgment.

### *Defendant Christopher Epps*

Plaintiff alleges Christopher Epps, commissioner of the prison system, failed to provide dental treatment. However, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *See also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff has not shown that Christopher Epps was personally involved in the alleged denial

of adequate dental treatment, or that he implemented an unconstitutional policy that causally resulted in an injury to Plaintiff.  Accordingly, Christopher Epps is entitled to summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director was not deliberately indifferent to plaintiff's serious medical needs where director was not one of the treating physicians and had limited contact with plaintiff).

Although Epps raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Well v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).  Because the Plaintiff's claims are not cognizable as constitutional claims, it is not necessary to address the issue of whether Epps is entitled to qualified immunity.

### *Defendant Dr. Ron Woodall*

Plaintiff's claims against Dr. Woodall also fail as a matter of law. Plaintiff alleges that Dr. Woodall did not properly respond to his ARP grievances. However, failure to adequately investigate a grievance falls short of a constitutional claim.  *Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. Apr. 17, 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that a claim for "failure to investigate" did not amount to a constitutional violation).  Plaintiff has no due process liberty interest in having his grievance resolved to his satisfaction. *See Geiger v. Jower*, 404 F.3d 371, 374-75 (5th Cir. 2005);

*Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation).

Plaintiff claims Dr. Woodall, as Dr. Gillis's "boss,"[3] failed in his responsibility to provide dental care. There is no supervisory or *respondeat superior* liability under Section 1983. *See Oliver*, 276 F. 3d at 742 & n. 6. Plaintiff has failed to demonstrate that Dr. Woodall was personally involved in the alleged denial of adequate medical treatment, in any way other than addressing Plaintiff's grievance arising from the ARP process. Accordingly, Dr. Woodall cannot be held responsible for the alleged denial of dental treatment. *See Thompkins*, 828 F. 2d at 304; *See also Stewart* 174 F. 3d at 536. Moreover, the record demonstrates that Plaintiff did not face an excessive risk to his health. Therefore, Dr. Woodall is also entitled to summary judgment.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [39] be GRANTED;

2. Defendant's Motion for Summary Judgment [34] be GRANTED; and

3. This action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

---

[3] (Response [54] p. 2.)

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 30th day of July, 2015.

s/ Michael T. Parker
United States Magistrate Judge